UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSIAH TUTTLE,<br><br>            Plaintiff,<br><br>   v.<br><br>AT&T MOBILITY, et al.,<br><br>            Defendants. | CASE NO. C18-5179 BHS<br><br>ORDER DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE, GRANTING PLAINTIFF LEAVE TO AMEND, AND RENOTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* |

This matter comes before the Court on Plaintiff Josiah Tuttle's ("Tuttle") motion to proceed *in forma pauperis* (Dkt. 1) and proposed complaint (Dkt. 1-1).

On March 8, 2018, Tuttle filed the instant motion and proposed complaint. Tuttle alleges that his former employer, Defendant AT&T Mobility ("AT&T"), failed to rehire him after he was voluntarily terminated due to a disability. *Id*. at 6. Tuttle asserts claims under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 to 12213, and briefly mentions the Employee Retirement Income Security Act ("ERISA"). *Id*.

The district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a); W.D. Wash.

Local Rules LCR 3(b). However, the "privilege of pleading *in forma pauperis* . . . in civil actions for damages should be allowed only in exceptional circumstances." *Wilborn v. Escalderon*, 789 F.2d 1328 (9th Cir. 1986). The court has broad discretion in denying an application to proceed *in forma pauperis*. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

However, even if a party satisfies the financial requirements for eligibility to proceed *in forma pauperis*, the Court's review of the application and underlying complaint is not complete. Under the *in forma pauperis* statute, the Court must dismiss the case *sua sponte* if it determines at any time that (1) the allegation of poverty is untrue, (2) the action is frivolous or malicious, (3) the complaint fails to state a viable claim, or (3) the action seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2).

In this case, Tuttle appears to assert a claim that is barred, or at least unexhausted, and fails to state another viable claim. "[U]nder Title I of the ADA, a person first must file a charge of discrimination with the federal Equal Employment Opportunity Commission (EEOC) or with a state or local agency able to grant relief from the unlawful employment practice." *Zimmerman v. State of Or. Dep't of Justice*, 983 F. Supp. 1327, 1328 (D. Or. 1997), *aff'd sub nom. Zimmerman v. Oregon Dep't of Justice*, 170 F.3d 1169 (9th Cir. 1999). The filing deadline acts as a statute of limitations and failure to file a timely charge bars a subsequent action in federal court. *Delaware State College v. Ricks*, 449 U.S. 250, 256–57 (1980). Tuttle asserts that by the time he realized that he needed to file an EEOC claim, it was too late. Dkt. 1-2 at 2. Thus, Tuttle admits that this

claim is either unexhausted or time-barred. The Court dismisses the claim without prejudice and with leave to file an amended complaint. In any amended complaint, Tuttle shall provide additional facts regarding his EEOC claim.

Second, Tuttle briefly mentions ERISA without providing sufficient facts to state a viable claim against AT&T. Thus, the Court dismisses this claim without prejudice and with leave to amend. In any amended complaint, Tuttle shall sufficiently explain the basis for an ERISA-based claim. The Clerk shall renote Tuttle's motion to proceed *in forma pauperis* for consideration on the Court's April 20, 2018, calendar. Tuttle shall file an amended complaint consistent with this order no later than April 20, 2018. The Clerk shall close this matter, without further order of the Court, if Tuttle fails to file an amended complaint or otherwise respond.

**IT IS SO ORDERED**.

Dated this 12th day of March, 2018.

BENJAMIN H. SETTLE
United States District Judge